**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| MARTIN RIVERA MORALES;<br>FLORITA RIVERA MORALES;<br>WANDA I. RIVERA MORALES;<br>MARIA RIVERA MORALES;<br>CARLOS RIVERA MORALES;<br>WILIAM RIVERA MORALES;<br>JORGE RIVERA MORALES<br><br>*Plaintiffs*<br><br>Vs.<br><br>HOSPITAL MENONITA DE CAGUAS,<br>INC., AND ITS INSURER "A";<br>SISTEMA DE SALUD MENONITA<br>AND ITS UNKOWN INSURER "B";<br>DR. RICARDO CASTRO CINTRON,<br>HIS UNKOWN INSURER "C",<br>AND HIS UNKOWN CONJUGAL<br>PARTNERSHIP "D"; DR. YVES J.<br>RIVERA HERNANDEZ, HIS INSURER<br>"E", AND HIS UNKOWN CONJUGAL<br>PARTNERSHIP "F"; UNKOWN<br>DEFENDANTS AND DEFENDANTS<br>WHOSE IDENTITIES ARE UNKNOWN<br>"G-ZZ"<br><br>*Defendants*<br>_____ | .<br><br><br>CIVIL NO:<br><br><br><br><br>PLAINTIFFS DEMAND JURY TRIAL |

**COMPLAINT**

TO THE HONORABLE COURT:

NOW COME plaintiffs, represented by the undersigned attorneys, and respectfully state, allege and pray:

**I. JURISDICTION**

This Honorable Court has subject matter jurisdiction over plaintiffs' claims based on the existence of a federal question under the Emergency Medical Treatment and Active Labor Act (EMTALA), for Hospital Menonita de Caguas Inc./Sistema de Salud Menonita's failure to

stabilize an emergency room patient regarding her Emergency Medical Condition before improperly discharging her home while unstable, under 42 U.S.C. § 1395dd(e)(1), 42 U.S.C. §1395dd(a), and 42 U.S.C. § 1395dd(b). 28 USC §1331. In regards to the other co-defendants and insurers, and all malpractice causes of action against Hospital Menonita de Caguas Inc./Sistema de Salud Menonita, the supplemental jurisdiction of this Court is invoked under 28 U.S.C. §1367. Regarding co-plaintiffs Martin, Carlos, William, and Jorge, who are domiciled at the State of Illinois, United Stated of America, diversity jurisdiction is alleged, as all defendants are domiciled or incorporated in Puerto Rico, with the matter in controversy exceeding $75,000.00. 28 USC S. 1332. Regarding co-plaintiff Florita Rivera Morales, she is domiciled at the State of Texas, United Stated of America, so diversity jurisdiction is alleged, as all defendants are domiciled or incorporated in Puerto Rico, with matter in controversy exceeding $75,000.00. 28 U.S.C. §1332.

**II. PARTIES**

1. Co-plaintiffs Martin, Carlos, Jorge and William, all with last names Rivera Morales, are of legal age, domiciled at the State of Illinois, United Stated of America, and are adult children of patient Josefa Morales Santana.

2. Co-plaintiff Florita Rivera Morales is of legal age, domiciled in Texas, and is an adult daughter of patient Josefa Morales Santana.

3. Co-plaintiffs Wanda Rivera Morales and María Rivera Morales, are all of legal age, domiciled in Puerto Rico, and are adult daughters of patient Josefa Morales Santana.

4. Co-defendants Hospital Menonita de Caguas Inc. and Sistema de Salud Menonita's were and are, at all times pertinent, corporations or legal entities under the laws of Puerto Rico who own and operate a hospital in the town of Caguas, offering medical and emergency room

services. Co-defendants "A" and "B" are their respective unknown insurance companies, covering the allegations in this complaint for them, through insurance policies subject to their terms and conditions.

5. Co-defendants Dr. Ricardo Castro Cintrón, and Dr. Ives J. Rivera Hernández, are medical doctors, domiciled in Puerto Rico, who were employed, retained as contractors, or granted privileges as emergency room physicians at Hospital Menonita de Caguas Inc. and Sistema de Salud Menonita, and are all times pertinent were providing health services there. Co-defendants "A" and "B" are the unknown insurance companies for each physician, respectively, covering the allegations in this complaint for them, through insurance policies subject to their terms and conditions. Co-defendants "D" and "F" are the conjugal partnerships of Dr. Castro and Dr. Rivera, respectively, who are legally responsible for their negligence and plaintiffs' resulting damages.

6. Co-defendants "G"-"ZZ" are all parties who are unknown or whose identities are unknown at this time, who may be liable for plaintiff's damages through their negligence or legal responsibility (including but not limited to other physicians, health professionals, medical or nursing services entities or corporation, and conjugal partnerships), and any unknown insurers who are responsible to plaintiffs' damages pursuant to any insurance policy in effect at all times pertinent.

**III. FACTS AND LIABILITY**

1. On the evening of February 7th, 2020, plaintiff and patient Josefa Rivera Santana went to the emergency room at Hospital Hima de Caguas, in the town of Caguas, Puerto Rico. She felt tired and weak, with shortness of breath, generalized malaise, had low blood pressure, and a slow

pulse. The patient's oxygen levels were low. This patient had a history of hypertension and diabetes mellitus, the latter of which was uncontrolled during this ER visit.

2. The patient was treated at the emergency room by co-defendants Dr. Ricardo Castro Cintrón, and Dr. Ives J. Rivera Hernández. She was submitted to testing that revealed a decompensated heart failure and/or heart attack, with fibrillations. The patient did not receive the necessary dosage of anticoagulants from either physician, which constitutes negligence. Neither of them placed the necessary consultations about the patient's condition, which was also negligent. Both physicians negligently failed to take care of the patient as per the applicable medial practice. Ultimately, even though the patient did not feel any better and protested, she was negligently discharged by Dr. Ricardo Castro after a few hours, early in February 8th, 2020, while being in unstable condition.

3. The patient went back to her home, and her condition eventually deteriorated. She then returned to the emergency room of Hospital Menonita de Caguas on February 11th, where Dr. Yves Rivera saw treated her. By that time, the patient was acutely ill, and had developed a stroke as a result of her untreated conditions in her first ER visit on February 7th, 2020, which by now included a worsened heart attack. The patient was hospitalized on February 12th, 2020, but passed away on February 22nd, 2020, as a result of the negligent treatment by defendants during those times, including but not limited to, the premature discharge on February 8th, 2020 from the ER while unstable.

4. The adequate cause of the death of Doña Josefa Morales Santana was the combined negligence of all defendants, who failed to adequately diagnose and treat her developing emergency conditions during the time she was attended at Hospital Menonita de Caguas, among them, her decompensated heart failure or heart attack, with fibrillations, and her uncontrolled

diabetes with shortness of breath. As explained, all defendants acted under the standard of medical care, causing a treatment delay that eventually weakened and killed the patient.

5.  Co-defendants Hospital Menonita de Caguas Inc. and Sistema de Salud Menonita, jointly designated, and their insurers "A" and "B", are responsible directly, legally, vicariously, objectively, corporately, and under the apparent responsibility doctrine, for the damages caused to plaintiffs through the negligence of their retained medical personnel, contractors and physicians with privileges, including co-defendants Dr. Castro and Dr. Rivera Hernández, their nursing staff and other staff, including administrative, and those entities or physicians acting on their behalf. Thus, they must pay for plaintiffs' damages. This emergency room personnel was provided to the deceased patient by Hospital Menonita de Caguas Inc. and Sistema de Salud Menonita. Each of physician is also personally responsible for their medical malpractice and negligence committed on the patient, as is described in this complaint, and must compensate plaintiffs as requested in this complaint. The negligence of all co-defendants, and their legal duty to compensate plaintiffs' damages, is joint and several.

6.  Given that the patient was not stabilized prior to her discharge of her emergency medical conditions, and was discharged in unstable condition, her deterioration was to be medically expected, which also went against standard hospital policy, and was not an even-handed administration of health services. Hence, the provisions of the Emergency Medical Treatment and Active Labor Act (EMTALA), at 42 U.S.C. § 1395dd(e)(1), 42 U.S.C. § 1395dd(a), and 42 U.S.C. § 1395dd(b) were violated by Hospital Menonita de Caguas Inc. and Sistema de Salud Menonita, and consequently said institutions are responsible before plaintiffs for the death of Doña Josefa Morales, her pre-mortem pain and suffering, and the resulting damages to plaintiffs, and before the federal government as mandated by statute. Also, Hospital

Menonita de Caguas Inc. and Sistema de Salud Menonita, and its Emergency Room personnel, including Dr. Yves Rivera and Dr. Ricardo Castro, and their unknown insurers and conjugal partnerships, are legally responsible for plaintiffs' damages based on their violation of the Puerto Rico tort statutes via the negligent acts described in this complaint, which include a failure to completely diagnose and adequately treat patient del Valle. 31 LPRA. §1802 et. seq.

7. Unknown defendants or defendants whose identities are unknown "G"-"ZZ", include all negligent physicians, nurses, contractors, and hospital personnel that may have caused the alleged damages, and those conjugal partnerships and additional insurers that may offer coverage to any extent over the allegation of this complaint in favor of any co-defendant, are equally joint and severally liable to plaintiffs under the law and they must compensate plaintiffs accordingly as requested in this complaint.

## IV. DAMAGES

1. As a result of the negligence of defendants, co-plaintiffs, the sons and daughters or deceased patient Josefa Rivera, suffered terrible pain and suffering as their beloved mother passed prematurely and painfully, and they lost her irreplaceable company forever. This affected their capacity to enjoy life fully, and left them in profound sadness. These terrible, and tragic damages for the loss of a mother are estimated in $1,000,000.00 each.

2. All plaintiffs inherit the cause of action for the terrible pre-mortem pain and suffering of patient Josefa Rivera, who died a very painful, slow, stressful and horrible death. These damages, caused by defendants, are calculated in $2,000,000.00.

3. Plaintiffs incurred in funeral and medical expenses, and special damages, due to the negligence of defendants, regarding patient Josefa Morales, all of which are calculated in $20,000.00.

4.  Plaintiffs demand compensation for punitive damages under Puerto Rico law, as defendants' negligence showed a clear disregard for the life and safety of the patient.

5.  Plaintiffs specifically demand the compensation of all the damages described above form each defendant, joint and severally, which were caused adequately by defendants' negligence.

**V. JURY DEMAND**

Plaintiffs demand a trial by jury as to all claims and issues alleged and so triable.

WHEREFORE, it is respectfully prayed from this Honorable Court that judgment be entered against all defendants and for plaintiffs in the amounts requested above as compensation for their respective damages, with the imposition of punitive damages, costs and expenses of this litigation, and reasonable attorney fees and legal interests since the date of the filing of this complaint for defendants' obstinacy.

RESPECTFULLY SUBMITTED.

I CERTIFY: That on this same date I have served a true copy of this document on counsel of record through the ECF system of this Honorable Court.

AT SAN JUAN, PUERTO RICO, THIS 7th DAY OF FEBRUARY, 2021.

S/JAIME F. AGRAIT-LLADO
USDC 207012

**AGRAIT-LLADO LAW FIRM L.L.C.**
P.O. BOX 19-5193
SAN JUAN P.R. 00919-5193
TEL. 753-7130
FAX. 763-1594
email:JFAgraitLaw@aol.com

## Statement Under Penalty of Perjury

I, William Rivera Morales, of legal age, and domiciled in the State of Illinois, United States of America, under oath state and depose:

1. That my name and personal circumstances are as above stated.

2. That the foregoing information contained in the present document is true and correct based on our best recollection and belief, and based on the information given to us by our attorneys.

Wherefore, I sign the present document in good faith, in Illinois, USA, on this 2 of February, 2021.

WILLIAM RIVERA MORALES

*William Rivera Morales* (signature)

## Statement Under Penalty of Perjury

I, María Rivera Morales, of legal age, and domiciled in the Commonwealth of Puerto Rico, under oath state and depose:

1. That my name and personal circumstances are as above stated.

2. That the foregoing information contained in the present document is true and correct based on our best recollection and belief, and based on the information given to us by our attorneys.

Wherefore, I sign the present document in good faith, in Puerto Rico, USA, on this 3 of February, 2021.

MARIA RIVERA MORALES
*Maria Rivera Morales*

**Statement Under Penalty of Perjury**

I, Florita Rivera Morales, of legal age, and domiciled in the State of Texas, United States of America, under oath state and depose:

1. That my name and personal circumstances are as above stated.

2. That the foregoing information contained in the present document is true and correct based on our best recollection and belief, and based on the information given to us by our attorneys.

Wherefore, I sign the present document in good faith, in Texas, USA, on this of February, 2021.

2 feb 2021

FLORITA RIVERA MORALES



**Statement Under Penalty of Perjury**

I, Carlos Rivera Morales, of legal age, and domiciled in the State of Illinois, United States of America, under oath state and depose:

1. That my name and personal circumstances are as above stated.

2. That the foregoing information contained in the present document is true and correct based on our best recollection and belief, and based on the information given to us by our attorneys.

Wherefore, I sign the present document in good faith, in Illlinois, USA, on this 4 of February, 2021.

CARLOS RIVERA MORALES

*Carlos Rivera Morales*

## Statement Under Penalty of Perjury

I, Martín Rivera Morales, of legal age, and domiciled in the State of Illinois, United States of America, under oath state and depose:

1. That my name and personal circumstances are as above stated.

2. That the foregoing information contained in the present document is true and correct based on our best recollection and belief, and based on the information given to us by our attorneys.

Wherefore, I sign the present document in good faith, in Illinois, USA, on this of February, 2021.

5/2/2021

MARTIN RIVERA MORALES

## Statement Under Penalty of Perjury

I, Wanda Rivera Morales, of legal age, and domiciled in the Commonwealth of Puerto Rico, under oath state and depose:

1. That my name and personal circumstances are as above stated.

2. That the foregoing information contained in the present document is true and correct based on our best recollection and belief, and based on the information given to us by our attorneys.

Wherefore, I sign the present document in good faith, in Puerto Rico, USA, on this of February, 2021.

2 Feb 2021

WANDA RIVERA MORALES

*WRM*

**Statement Under Penalty of Perjury**

I, Jorge Rivera Morales, of legal age, and domiciled in the State of Illinois, United States of America, under oath state and depose:

1. That my name and personal circumstances are as above stated.

2. That the foregoing information contained in the present document is true and correct based on our best recollection and belief, and based on the information given to us by our attorneys.

Wherefore, I sign the present document in good faith, in Illinois, USA, on this 2 of February, 2021.

JORGE RIVERA MORALES

*/s/ Jorger Rivera Morales*